DAVID A. ASTENGO
NEVADA STATE BAR NO. 11045
dastengo@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105
Telephone:    415.979.0400

PAMELA A. MCKAY
NEVADA STATE BAR NO 7812
pmckay@mckaylawfirmchtd.com
MCKAY LAW FIRM CHTD.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Telephone:    702-835-6956
Facsimile:    702-835-6957
Designated for Nevada Service
(Per L.R. IA 11-1(b)(2))

Attorney for Plaintiff
SCOTTSDALE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALL TYPE; LLC, a Domestic Limited Liability Company; CORVEL CORPORATION; THE CHEESECAKE FACTORY, INC.; AMY REYES, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, Scottsdale Insurance Company (hereafter, "Scottsdale"), hereby files this Complaint and alleges as follows:

### JURISDICTIONAL & VENUE ALLEGATIONS

1.    Scottsdale is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona.

1

380 107042 4922-7546-91?? .v2

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

2. Scottsdale was and is, at all times relevant herein, authorized to do business in the State of Nevada as a surplus lines insurer.

3. Scottsdale is informed and believes, and based thereon alleges, defendant All Type LLC (hereafter, "All Type"), was and is, at all times relevant herein, a limited liability company organized and existing pursuant to the laws of the State of Nevada. Scottsdale is further informed and believes, and based thereon alleges, that the limited liability company's sole member is Phillip Gulley, an individual, at all times relevant herein, domiciled and residing in the State of Nevada. Scottsdale is further informed and believes and thereon alleges, that All Type's place of business is located at 1653 Splinter Rock Way, North Las Vegas, Nevada. Scottsdale is further informed and believes, and based thereon alleges, that All Type is, and at all times relevant herein was, authorized to conduct business in Clark County in the State of California.

4. Scottsdale is informed and believes, and based thereon alleges, that defendant Corvel Corporation (hereafter, "Corvel Corporation") is, at all times relevant herein, a Delaware corporation, organized and existing pursuant to the laws of the State of Delaware. Scottsdale is further informed and believes, and based thereon alleges, that Corvel's principal place of business is located at 1920 Main Street, Irvine, California. Scottsdale is further informed and believes, and based thereon alleges, that Corvel Corporation is, and at all times relevant herein was, authorized to conduct business in the State of Nevada.

5. Scottsdale is informed and believes, and based thereon alleges, defendant The Cheesecake Factory, Inc. (hereafter, "Cheesecake Factory") is, at all times relevant herein a Delaware corporation, organized and existing pursuant to the laws of the State of Delaware. Scottsdale is informed and believes, and based thereon alleges, that Cheesecake Factory's principal place of business is located at 26901 Malibu Hills Road, Calabasas Hills, California. Scottsdale is further informed and believes, and based thereon alleges, that Cheesecake Factory is, and at all times relevant herein was, authorized to conduct business in Clark County and the State of Nevada.

6. Scottsdale is informed and believes, and based thereon alleges, that defendant, Amy Reyes (hereafter, "Reyes"), was and is, at all times relevant herein, an individual domiciled in the State of Nevada and residing in Clark County, Nevada

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

2

7.     Venue is proper as the underlying actions which are the subject of this lawsuit are both venued in the Eighth Judicial District Court, Clark County, Nevada, and defendants in this lawsuit are subject to personal jurisdiction in Nevada.

8.     Venue is also proper given that Corvel Corporation's and Cheesecake Factory's claim for damages against All Type, on the one hand, and Reyes' claim for damages against All Type, on the other, all arise from an event which occurred in Clark County, Nevada.

9.     Venue is appropriate in this district under 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(3) because the alleged acts and/or omissions on the part of All Type giving rise to Corvel Corporation's, Cheesecake Factory's and Reyes' respective claims in the underlying actions allegedly occurred in Clark County, Nevada.

10.    This Court has jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because Scottsdale seeks a declaratory judgment regarding its duties, or lack thereof, to defend and/or indemnify All Type with respect to certain damages alleged by Corvel Corporation, the Cheesecake Factory and Reyes in both of the underlying actions which are the subject of this lawsuit.

11.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000, not including interest or cost of suit.  In the underlying actions, Corvel Corporation, Cheesecake Factory and Reyes assert claims for damages against All Type that total, exclusive of interest and costs, in excess of the sum of $75,000.

## BACKGROUND AND THE UNDERLYING ACTIONS

12.    Scottsdale is informed and believes, and based thereon alleges, that on or about November 9, 2022, All Type and Cheesecake Factory entered into a "Master Services Agreement" (hereafter, the "Agreement") pursuant to which All Type among, other things, agreed to provide certain maintenance services with respect to the refrigeration at several Cheesecake Factory locations in Nevada, including one located at 160 South Green Valley Parkway in Henderson, Nevada.  The "initial term" of the Agreement was stated to be from November 9, 2022, to December 31, 2023.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-91̇̇6 .v2

13.     Scottsdale is informed and believes, and based thereon alleges, that by way of the terms of the Agreement, All Type agreed to maintain commercial general liability insurance and have "The Cheesecake Factory Incorporated," among others, named as an additional insured on said insurance.

14.     Scottsdale is informed and believes, and based thereon alleges, that on or about June 24, 2023, Reyes was employed by Cheesecake Factory as a bartender at the Cheesecake Factory restaurant located at 160 South Green Valley Parkway in Henderson, Nevada (the Cheesecake Factory restaurant located at 160 South Green Valley Parkway in Henderson, Nevada, is hereafter referred to as the "Subject Premises").

15.     Scottsdale is informed and believes, and based thereon alleges, that on or about June 24, 2023, while working as an employee of Cheesecake Factory at the Subject Premises, Reyes sustained certain physical injuries when she sustained an electric shock injury while in the process of cleaning a refrigerator cooler.

**The Reyes Action**

16.     Scottsdale is informed and believes, and based thereon alleges, that on or about April 18, 2024, Reyes brought an action captioned, *Amy Reyes v. West Edna Associates Ltd. dba Mojave Electric NV, LLC*, *et al.*, Clark County District Court, Nevada, Case No. A-24-895563-C (hereafter, the "Reyes Action"). On or about April 22, 2025, Reyes filed a Second Amended Complaint in the Reyes Action (hereafter, the "Second Amended Complaint"). All Type is a named defendant. She alleges in her Second Amended Complaint causes of action against All Type for negligence, negligent hiring, supervision and training, products liability, breach of warranty, negligent failure to warn, and third-party beneficiary. A copy of Reyes' Second Amended Complaint and Request For Exemption From Arbitration filed in the Reyes Action is attached hereto as "**Exhibit A.**"

17.     In her Second Amended Complaint, Reyes alleges on or about July 24, 2023, she was employed by the Cheesecake Factory as a bartender at the Subject Premises when, in the course and of said employment, she sustained certain physical injuries as a result of an electric shock injury while in the process of cleaning a refrigerator cooler.

18.     In her Second Amended Complaint, Reyes alleges that both on and prior to July 24, 2023, All Type "maintained, managed or was otherwise responsible for the care and safety of the subject refrigerator cooler" which Reyes was cleaning at the Subject Premises when she sustained an electric shock injury and other physical injuries.

19.     In her Second Amended Complaint, Reyes alleges that as a result of her electrocution while cleaning the refrigerator cooler at the Subject Premises, she sustained "serious physical injuries" including to her "head neck and upper extremities."

20.     In her Second Amended Complaint, Reyes alleges that as a result of her electrocution while cleaning the refrigerator cooler at the Subject Premises, her injuries include "ongoing neurological pain and nerve damage."

21.     In her Second Amended Complaint, Reyes alleges that her that injuries require "further treatment including, but not limit to, her head neck and upper extremities."

22.     In her Second Amended Complaint, Reyes alleges that her claimed physical injuries include "ongoing neurological pain and nerve damage."

23.     In her Second Amended Complaint, Reyes alleges that as a result of her claimed physical injuries, she made a workers' compensation claim and "received a Permanent Partial Disability Rating."

24.     In her Second Amended Complaint, Reyes alleges that her claimed physical injuries will continue to cause her damages "in the form of physical, mental, and pain and suffering."

25.     In her Second Amended Complaint, Reyes alleges that as a result of her claimed physical injuries, she will be "required to incur medical and related expenses."

26.     In her Second Amended Complaint, Reyes alleges that as a result of her claimed physical injuries, she will be "required in the future to incur expenses for and to employ physicians, nurses, physical therapists, and to procure hospitalization, medicine, and general medical care and attention."

27.     Scottsdale agreed to defend All Type in the Reyes Action, subject to reserved rights, under the insurance policy issued by Scottsdale and described in this Complaint. Scottsdale reserved its rights including, but not limited to, the right to seek a declaration of Scottsdale's rights

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

5

1  and duties under said insurance policy regarding defense and indemnity, the right to seek
2  reimbursement for any judgment or settlement monies paid for damages which are not covered
3  under said insurance policy pursuant to the reservations stated, the right to reimbursement of all
4  defense costs paid to defend the Reyes Action should it be established that the action never
5  presented a potential for covered liability, as authorized by the Nevada Supreme Court in *Nautilus*
6  *Insurance Company v. Access Medical, LLC*, 37 Nev. 96 (2021), and the right to withdraw from
7  the defense should facts or circumstances arise indicating that the Reyes Action presents no
8  potential for coverage afforded by the insurance policy issued by Scottsdale and described in this
9  Complaint.

10  **The Corvel Corporation Action**

11  28.     Scottsdale is informed and believes, and based thereon alleges, that on or about
12  May 6, 2025, Corvel Corporation and Cheesecake Factory brought an action captioned, *Corvel*
13  *Corporation and The Cheesecake Factory, Inc. v. West Edna Associates Ltd. dba Mojave Electric*
14  *NV, LLC, et al.*, Clark County District Court, Nevada, Case No. A-25-918394-C (hereafter, the
15  "Corvel Corporation Action").   All Type is a named defendant.   In their Complaint, Corvel
16  Corporation and Cheesecake Factory allege causes of action against All Type for negligence and
17  unsafe premises, negligent inspection and warning of inherent or foreseeable dangers, negligent
18  hiring, training, supervision and retention, breach of warrant[y], products liability and third-party
19  beneficiary.  A copy of  Corvel Corporation's and Cheesecake Factory's Complaint in the Corvel
20  Corporation Action is attached hereto as "**Exhibit B**."

21  29.     In their Complaint, Corvel Corporation and Cheesecake Factory allege that on or
22  about July 24, 2023, Reyes was an employee of Cheesecake Factory and working for Cheesecake
23  Factory at the Subject Premises when she sustained an electric shock injury and was injured while
24  cleaning the bottom of a refrigerator cooler.

25  30.     In their Complaint, Corvel Corporation and Cheesecake Factory allege that at the
26  time Reyes sustained an electric shock injury while cleaning the bottom of a refrigerator cooler at
27  the Subject Premises while in the course of her employment for Cheesecake Factory, Corvel
28  Corporation was the Third-Party Administrator "for the workers' compensation benefits payable

6

1  to employees of CHEESECAKE FACTORY under Nevada Revised Statutes 616 and 617."

2       31.    In their Complaint, Corvel Corporation and Cheesecake Factory allege that
3  following Reyes' electrocution while cleaning the bottom of a refrigerator cooler at the Subject
4  Premises, she made a claim for "workers' compensation benefits" from Corvel Corporation and
5  Cheesecake Factory.

6       32.    In their Complaint, Corvel Corporation and Cheesecake Factory allege they paid
7  Reyes workers' compensation benefits in an amount in excess of $100,000.

8       33.    In their Complaint, Corvel Corporation and Cheesecake Factory allege that they
9  will continue to incur damages "as REYES continues to employ physicians, surgeons, and other
10  health care provides" for Reyes' treatment due to her claimed injuries.

11       34.    In their Complaint, Corvel Corporation and Cheesecake Factory allege that they
12  will continue to incur damages "as REYES lost work and income will continue to suffer lost
13  income and loss of earning capacity."

14       35.    Scottsdale agreed to defend All Type in the Corvel Corporation Action, subject to
15  reserved rights, under the insurance policy issued by Scottsdale and described in this Complaint.
16  Scottsdale reserved its rights including, but not limited to, the right to seek a declaration of
17  Scottsdale's rights and duties under said insurance policy regarding defense and indemnity, the
18  right to seek reimbursement for any judgment or settlement monies paid for damages which are
19  not covered under said insurance policy pursuant to the reservations stated, the right to
20  reimbursement of all defense costs paid to defend the Corvel Corporation Action should it be
21  established that the action never presented a potential for covered liability, as authorized by the
22  Nevada Supreme Court in *Nautilus Insurance Company v. Access Medical, LLC*, 37 Nev. 96
23  (2021), and the right to withdraw from the defense should facts or circumstances arise indicating
24  that the Corvel Corporation Action presents no potential for coverage afforded by insurance policy
25  issued by Scottsdale and described in this Complaint.

26       36.    Scottsdale is informed and believes, and based thereon alleges, that on or about
27  June 2, 2025, the Reyes Action and the Corvel Corporation Action were consolidated.

28  ///

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

7

380 107042 4922-7546-91 6 v2

**THE SCOTTSDALE POLICY**

37.     Scottsdale issued commercial general liability insurance Policy Number CPS7665624, effective October 5, 2022, to October 5, 2023, to All Type (hereafter, the "Scottsdale Policy"), a true and correct copy of which is attached hereto as **"Exhibit C"** (redacted to preserve the privacy rights of Scottsdale's Named Insured, All Type).   The policy includes a $1,000,000 each occurrence limit.

38.     Pursuant to the Commercial General Liability Coverage Form CG 00 01 04 13 in the policy, the Scottsdale Policy provides, in pertinent part, as follows:

---

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\*\*\*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   **b.**     This insurance applies to "bodily injury" and "property damage" only if:

---

8

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9146 .v2

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)**     The "bodily injury" or "property damage" occurs during the policy period; and [...]

\*\*\*

39.     The Scottsdale Policy includes the "Injury To Employee And Worker Exclusion" endorsement form GLS-328s(11-20), which provides, in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**INJURY TO EMPLOYEE AND WORKER EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**A.**     With respect to this endorsement, **SECTION I-COVERAGES, COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2**. **Exclusions**, subparagraph **e. Employer's Liability** is deleted in its entirety and replaced by:

**e.     Employer's Liability**

"Bodily injury" to:

**(1)**     An "employee" of the insured arising out of and in the course of:

**(a)**     Employment by the insured; or

**(b)**     Performing duties related to the conduct of the insured's business; or

**(2)**     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**i.**     Whether the insured may be liable as an employer or in any other capacity; and

**ii.**     To any obligation to share damages with or repay someone else who must pay damages because of the injury

9

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9146 v2

**B.**  The following is added to **SECTION I-COVERAGES, COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions** and **SECTION I-COVERAGES, COVERAGE B-PERSONAL AND ADVERTISING INJURY LIABILITY**, paragraph **2. Exclusions:**

This insurance does not apply to:

**(1)**  "Bodily injury" or "personal and advertising injury" to:

   **a.**  An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;

   **b.**  Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or

   **c.**  Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liable if such "bodily injury" or "personal and advertising injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether it is caused in part by you; or

**2.**  Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" or "personal and advertising injury" to:

   **a.**  An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;

   **b.**  Any contractor, subcontractor, sub-subcon-tractor or anyone hired or retained by or for any insured; or

   **c.**  An employee of any contractor, subcontractor or sub-subcontractor; or

**3.**  "Bodily injury" or "personal and advertising injury" to the spouse, child, parent, brother or sister of that employee of any contractor, subcontractor or sub-subcontractor, or that contractor, subcontractor or sub-subcontractor, or that "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured as a consequence of items **1.** or **2.** above.

This applies to all claims, offenses and "suits" by any person or organization to share damages with or repay someone else who must pay damages because of the injury.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9146 .v2

**C.**  The following exclusion is added to **SECTION I-COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2**. Exclusions:

"Bodily injury" to:

**1.**  Any "worker"; or

**2.**  The spouse, child, parent, brother or sister of that "worker."

This exclusion applies:

**a.**  Whether the insured may be liable as an employer or in any other capacity; and

**b.**  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**D.**  For purposes of this endorsement only, the following is added to **SECTION V-DEFINITIONS:**

"Worker" means any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker.

\* \* \*

40.    The Scottsdale Policy includes "Additional Insured - Owners, Lessees Or Contractors - Automatic Status When Required In A Written Construction Agreement With You" endorsement form CG 20 33 12 19, which provides, in relevant part, as follows:

\* \* \*

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9106 .v2

**A. Section II - Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

**1.** Only applies to the extent permitted by law; and

**2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**2.** "Bodily injury" or "property damage" occurring after:

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

380 107042 4922-7546-9146 .v2

      **a.**    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

      **b.**  That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.**    With respect to the insurance afforded to these additional insureds, the following is added to Section Ill - Limits Of Insurance:

The most we will pay on behalf of the additional insured is the amount of insurance:

    **1.**    Required by the contract or agreement you have entered into with the additional insured; or

    **2.**    Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

41.    In the section of the Scottsdale Policy entitled "**SECTION V – DEFINITIONS**," the terms "bodily injury," "employee" and "occurrence" are defined as follows:

13

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9146 .v2

SECTION V – DEFINITIONS

***

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

## FIRST CAUSE OF ACTION

### (Declaratory Relief – No Duty To Defend All Type In the Reyes Action – As To All Defendants)

42.    Scottsdale re-alleges, refers to, and incorporates by reference herein, as if set out in full, paragraphs 1 through 41 of this Complaint.

43.    An actual controversy exists between Scottsdale, on the one hand, and defendants, on the other hand. Scottsdale contends that pursuant to the terms and conditions of the Scottsdale Policy, it has no obligation to defend All Type in the Reyes Action. Scottsdale is informed and believes, and based thereon alleges, that defendants dispute Scottsdale's contention.

44.    Scottsdale contends there is no potential for coverage under the Scottsdale Policy for the claims for damages asserted in the Reyes Action due to the application of certain applicable endorsements and exclusions contained in the Scottsdale Policy including, but not limited to, the "Injury To Employee And Worker Exclusion" endorsement described in paragraph 39 of this Complaint and the "Additional Insured - Owners, Lessees Or Contractors - Automatic Status When Required In A Written Construction Agreement With You" endorsement described in paragraph 40 of this Complaint (as well as pursuant to the relevant policy definitions described, in part, in paragraph 41 of this Complaint).

45.    Scottsdale contends (and is informed and believes that defendants disagree) that

14

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9166 .v2

there is no potential for coverage for All Type under the Scottsdale Policy for the claims for damages asserted in the Reyes Action under Coverage A of the policy based upon the following:

a.    The Scottsdale Policy does not provide coverage for any claim for "bodily injury" asserted in the Reyes Action due to application of the "Injury To Employee And Worker Exclusion" endorsement.

b.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale Policy applies to any claim for "bodily injury" to an "employee" of any insured.

c.    Pursuant to its Agreement with Cheesecake Factory, All Type agreed to have Cheesecake Factory added as an insured on its commercial general liability insurance.

d.    It is alleged in the Reyes Action that Reyes was physically injured while employed by Cheesecake Factory at the Subject Premises.

e.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale Policy applies to any claim for "bodily injury" to any "worker." Reyes qualifies as such a "worker" pursuant to the provisions of the Scottsdale Policy, including those described in paragraph 39 of this Complaint.

f.    It is alleged in the Reyes Action that Reyes was physically injured while in the course of her employment and work for Cheesecake Factory at the Subject Premises.

46.    A declaratory judgment is necessary in that Scottsdale contends it has no duty to defend All Type against the Reyes Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

47.    An actual controversy exists between Scottsdale, on the one hand, and defendants, on the other hand. A declaratory judgment is necessary in that Scottsdale contends it has no duty to defend All Type against the Reyes Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

48.    This Court is vested with the power in the instant case, and Scottsdale hereby respectfully requests a judicial determination and entry of a declaratory judgment that Scottsdale never owed All Type a defense against the Reyes Action under the Scottsdale Policy, and/or that such duty is effectively terminated. Such a judicial determination is necessary and appropriate at

15

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9146 .v2

1   this time given the above-stated controversy.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief – No Duty To Indemnify All Type In The Reyes Action – As To**
**All Defendants)**

5   49.    Scottsdale re-alleges, refers to, and incorporates by reference herein, as if set out

6   in full, paragraphs 1 through 48 of this Complaint.

7   50.    Scottsdale's duty to indemnify extends only to "sums that the insured becomes

8   legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the

9   [Scottsdale Policy] applies." No judgment has been entered in the Reyes Action that would legally

10  obligate All Type to pay damages because of "bodily injury" or "property damage."

11  51.    Scottsdale contends there is no potential for coverage under the Scottsdale Policy

12  for the claims for damages asserted in the Reyes Action due to the application of certain applicable

13  endorsements and exclusions contained in the Scottsdale Policy including, but not limited to, the

14  "Injury To Employee And Worker Exclusion" endorsement described in paragraph 39 of this

15  Complaint and the "Additional Insured - Owners, Lessees Or Contractors - Automatic Status When

16  Required In A Written Construction Agreement With You" endorsement described in paragraph

17  40 of this Complaint (as well as pursuant to the relevant policy definitions described, in part, in

18  paragraph 41 of this Complaint).

19  52.    Scottsdale contends (and is informed and believes that defendants disagree) that

20  there is no potential for coverage for All Type under the Scottsdale Policy for the claims for

21  damages asserted in the Reyes Action under Coverage A of the policy based upon the following:

22  a.    The Scottsdale Policy does not provide coverage for any claim for "bodily injury"

23  asserted in the Reyes Action due to application of the "Injury To Employee And Worker

24  Exclusion" endorsement.

25  b.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale

26  Policy applies to any claim for "bodily injury" to an "employee" of any insured.

27  c.    Pursuant to its Agreement with Cheesecake Factory, All Type agreed to have

28  Cheesecake Factory added as an insured on its commercial general liability insurance.

16

380 107042 4922-7546-916 .v2

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

d.    It is alleged in the Reyes Action that Reyes was physically injured while employed by Cheesecake Factory at the Subject Premises.

e.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale Policy applies to any claim for "bodily injury" to any "worker." Reyes qualifies as such a "worker" pursuant to the provisions of the Scottsdale Policy, including those described in paragraph 39 of this Complaint.

f.    It is alleged in the Reyes Action that Reyes was physically injured while in the course of her employment and work for Cheesecake Factory at the Subject Premises.

53.    A declaratory judgment is necessary in that Scottsdale contends it has no duty to indemnify All Type against the Reyes Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

54.    An actual controversy exists between Scottsdale, on the one hand, and defendants, on the other hand. A declaratory judgment is necessary in that Scottsdale contends it has no duty to indemnify All Type against the Reyes Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

55.    This Court is vested with the power in the instant case, and Scottsdale hereby respectfully requests a judicial determination and entry of a declaratory judgment that Scottsdale has no duty to indemnify All Type against the Reyes Action under the Scottsdale Policy. Such a judicial determination is necessary and appropriate at this time given the above-stated controversy.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief – No Duty To Defend All Type In the Corvel Corporation Action – As To All Defendants)**

56.    Scottsdale re-alleges, refers to, and incorporates by reference herein, as if set out in full, paragraphs 1 through 55 of this Complaint.

57.    An actual controversy exists between Scottsdale, on the one hand, and defendants, on the other hand. Scottsdale contends that pursuant to the terms and conditions of the Scottsdale Policy, it has no obligation to defend All Type in the Corvel Corporation Action. Scottsdale is informed and believes, and based thereon alleges, that defendants dispute Scottsdale's contention.

17

380 107042 4922-7546-9166 .v2

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1    58.    Scottsdale contends there is no potential for coverage under the Scottsdale Policy
2  for the claims for damages asserted in the Corvel Corporation Action due to the application of
3  certain applicable endorsements and exclusions contained in the Scottsdale Policy including, but
4  not limited to, the "Injury To Employee And Worker Exclusion" endorsement described in
5  paragraph 39 of this Complaint and the "Additional Insured - Owners, Lessees Or Contractors -
6  Automatic Status When Required In A Written Construction Agreement With You" endorsement
7  described in paragraph 40 of this Complaint (as well as pursuant to the relevant policy definitions
8  described, in part, in paragraph 41 of this Complaint).

9    59.    Scottsdale contends (and is informed and believes that defendants disagree) that
10  there is no potential for coverage for All Type under the Scottsdale Policy for the claims for
11  damages asserted in the Corvel Corporation Action under Coverage A of the policy based upon
12  the following:

13    a.    The Scottsdale Policy does not provide coverage for any claim for "bodily injury"
14  asserted in the Reyes Action due to application of the "Injury To Employee And Worker
15  Exclusion" endorsement.

16    b.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale
17  Policy applies to any claim for "bodily injury" to an "employee" of any insured.

18    c.    Pursuant to its Agreement with Cheesecake Factory, All Type agreed to have
19  Cheesecake Factory added as an insured on its commercial general liability insurance.

20    d.    It is alleged in the Reyes Action that Reyes was physically injured while employed
21  by Cheesecake Factory at the Subject Premises.

22    e.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale
23  Policy applies to any claim for "bodily injury" to any "worker." Reyes qualifies as such a "worker"
24  pursuant to the provisions of the Scottsdale Policy, including those described in paragraph 39 of
25  this Complaint.

26    f.    It is alleged in the Reyes Action that Reyes was physically injured while in the
27  course of her employment and work for Cheesecake Factory at the Subject Premises.

28    60.    A declaratory judgment is necessary in that Scottsdale contends it has no duty to

18

380 107042 4922-7546-9140 .v2

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1  defend All Type against the Corvel Corporation Action and Scottsdale is informed and believes

2  that defendants herein dispute Scottsdale's contention.

3      61.    An actual controversy exists between Scottsdale, on the one hand, and defendants,

4  on the other hand.  A declaratory judgment is necessary in that Scottsdale contends it has no duty

5  to defend All Type against the Corvel Corporation Action and Scottsdale is informed and believes

6  that defendants herein dispute Scottsdale's contention.

7      62.    This Court is vested with the power in the instant case, and Scottsdale hereby

8  respectfully requests a judicial determination and entry of a declaratory judgment that Scottsdale

9  never owed All Type a defense against the Corvel Corporation Action under the Scottsdale Policy,

10  and/or that such duty is effectively terminated.  Such a judicial determination is necessary and

11  appropriate at this time given the above-stated controversy.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief – No Duty To Indemnify All Type In The Corvel Corporation
### Action – As To All Defendants)

15      63.    Scottsdale re-alleges, refers to, and incorporates by reference herein, as if set out

16  in full, paragraphs 1 through 62 of this Complaint.

17      64.    Scottsdale's duty to indemnify extends only to "sums that the insured becomes

18  legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the

19  [Scottsdale Policy] applies."  No judgment has been entered in the Corvel Corporation Action that

20  would legally obligate All Type to pay damages because of "bodily injury" or "property damage."

21      65.    Scottsdale contends there is no potential for coverage under the Scottsdale Policy

22  for the claims for damages asserted in the Corvel Corporation Action due to the application of

23  certain applicable endorsements and exclusions contained in the Scottsdale Policy including, but

24  not limited to, the "Injury To Employee And Worker Exclusion" endorsement described in

25  paragraph 39 of this Complaint and the "Additional Insured – Owners, Lessees Or Contractors –

26  Automatic Status When Required In A Written Construction Agreement With You" endorsement

27  described in paragraph 40 of this Complaint (as well as pursuant to the relevant policy definitions

28  described, in part, in paragraph 41 of this Complaint).

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

19

380 107042 4922-7546-91 6 .v2

66.    Scottsdale contends (and is informed and believes that defendants disagree) that there is no coverage for All Type under the Scottsdale Policy for the claims for damages asserted in the Corvel Corporation Action under Coverage A of the policy based upon the following:

a.    The Scottsdale Policy does not provide coverage for any claim for "bodily injury" asserted in the Reyes Action due to application of the "Injury To Employee And Worker Exclusion" endorsement.

b.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale Policy applies to any claim for "bodily injury" to an "employee" of any insured.

c.    Pursuant to its Agreement with Cheesecake Factory, All Type agreed to have Cheesecake Factory added as an insured on its commercial general liability insurance.

d.    It is alleged in the Reyes Action that Reyes was physically injured while employed by Cheesecake Factory at the Subject Premises.

e.    The "Injury To Employee And Worker Exclusion" endorsement in the Scottsdale Policy applies to any claim for "bodily injury" to any "worker." Reyes qualifies as such a "worker" pursuant to the provisions of the Scottsdale Policy, including those described in paragraph 39 of this Complaint.

f.    It is alleged in the Reyes Action that Reyes was physically injured while in the course of her employment and work for Cheesecake Factory at the Subject Premises.

67.    A declaratory judgment is necessary in that Scottsdale contends it has no duty to indemnify All Type against the Corvel Corporation Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

68.    An actual controversy exists between Scottsdale, on the one hand, and defendants, on the other hand. A declaratory judgment is necessary in that Scottsdale contends it has no duty to indemnify All Type against the Corvel Corporation Action and Scottsdale is informed and believes that defendants herein dispute Scottsdale's contention.

69.    This Court is vested with the power in the instant case, and Scottsdale hereby respectfully requests a judicial determination and entry of a declaratory judgment that Scottsdale has no duty to indemnify All Type against the Corvel Corporation Action under the Scottsdale

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 107042 4922-7546-9186 .v2

1    Policy. Such a judicial determination is necessary and appropriate at this time given the above-

2    stated controversy

### FIFTH CAUSE OF ACTION

#### (Equitable Reimbursement – As To Defendant All Type Only)

70.    Scottsdale re-alleges, refers to, and incorporates by reference herein, as if set out in full, paragraphs 1 through 69 of this Complaint.

71.    Pursuant to the Nevada Supreme Court's decision in *Nautilus Insurance Company v. Access Medical, LLC*, 37 Nev. 96 (2021), Scottsdale is entitled to equitable reimbursement for attorney's fees and other expenses paid by Scottsdale in defending All Type in the consolidated Reyes Action and Corvel Corporation Action (subject to reserved rights) against claims for which there was never any potential for coverage under Scottsdale Policy

72.    Scottsdale paid fees and expenses incurred for the defense and legal representation of All Type in the consolidated Reyes Action and Corvel Corporation Action, including the defense of claims that were not potentially covered by Scottsdale Policy.

73.    Scottsdale did not pay these sums as a volunteer and specifically made payment pursuant to a full and complete reservation of rights.

74.    When Scottsdale accepted the defense of All Type under the Scottsdale Policy, it did so pursuant to a full and complete reservation of rights, and Scottsdale specifically reserved its right to seek reimbursement from All Type of any defense related payment that Scottsdale may make that is not covered under the Scottsdale Policy.

75.    In accordance with the terms and conditions of the Scottsdale Policy and Nevada law, Scottsdale is only obligated to defend against claims and allegations potentially covered by under the Scottsdale Policy.

76.    Scottsdale alleges that it has paid defense fees and costs incurred by and/or on behalf of All Type in the consolidated Reyes Action and Corvel Corporation Action for claims and/or alleged damages that are not covered, or potentially covered, under the Scottsdale Policy. As such, Scottsdale alleges that All Type has been unjustly enriched by these payments in an amount according to proof.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

21

380 107042 4922-7546-9146 .v2

1   77.    Scottsdale is informed and believes, and based thereon alleges, that it is entitled to

2   reimbursement from All Type, in an amount in excess of $75,000, according to proof at trial, for

3   fees and/or other expenses incurred and/or paid by or on behalf of Scottsdale for defense of All

4   Type in the consolidated Reyes Action and Corvel Corporation Action, pursuant to *Nautilus*

5   *Insurance Company v. Access Medical, LLC*, 37 Nev. 96 (2021).

6   **PRAYER**

7   WHEREFORE, Scottsdale prays for judgment as follows:

8   1.    That the Court enter a judgment declaring the rights, duties, and responsibilities of

9   all parties herein;

10   2.    For a declaration that Scottsdale never had, and does not now have, a duty to defend

11   All Type against the Reyes Action under the Scottsdale Policy, and/or that such duty has

12   terminated;

13   3.    For a declaration that Scottsdale has no duty to indemnify All Type for a judgment

14   in the Reyes Action, should one be rendered against All Type;

15   4.    For a declaration that Scottsdale never had, and does not now have, a duty to defend

16   All Type against the Corvel Corporation Action under the Scottsdale Policy, and/or that such duty

17   has terminated;

18   5.    For a declaration that Scottsdale has no duty to indemnify All Type for a judgment

19   in the Corvel Corporation Action, should one be rendered against All Type;

20   6.    For judgment against All Type, pursuant to *Nautilus Insurance Company v. Access*

21   *Medical, LLC*, 37 Nev. 96 (2021), and other Nevada law, in the amount of the defense fees and

22   costs paid by Scottsdale in defense of All Type in the consolidated Reyes Action and Corvel

23   Corporation Action against claims and/or alleged damages that are not covered, or potentially

24   covered, under the Scottsdale Policy, in an amount to be proved at trial;

25   / / /

26   / / /

27   / / /

28   / / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

22

380 107042 4922-7546-91\6 .v2

7.    For costs of suit herein incurred;

8.    For such other and further relief as the Court may deem just and proper.

DATED: August 6, 2025

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP

By: _____

David A. Astengo
Nevada State Bar No. 11045
Selman Leichenger Edson
Hsu Newman & Moore LLP
33 New Montgomery, Suite 1850
San Francisco, Ca 94105
Telephone: 415-979-0400
Email: dastengo@selmanlaw.com
Attorney for Plaintiff
SCOTTSDALE INSURANCE
COMPANY

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

380 107042 4922-7546-9140 .v2